UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN McCARTHY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   No. 3:21-cv-1375 (VLB) |
| WRIGHT, et al.,<br>    Defendants. | :<br>:<br>:<br>: |

## INITIAL REVIEW ORDER

Plaintiff, Stephen McCarthy, currently confined at Garner Correctional Institution in Newtown, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. Plaintiff names four defendants, Dr. Wright, Dr. Valletta, Commissioner A. Quiros, and Dr. Jane Doe. He alleges that the defendants were deliberately indifferent to his serious medical needs. Plaintiff seeks damages only.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* This requirement applies both when plaintiff pays the filing fee and when he proceeds *in forma pauperis*. See *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based

and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  ALLEGATIONS

On February 14, 2021, at MacDougall-Walker Correctional Institution ("MacDougall"), plaintiff had an altercation with another inmate.  Doc. #1 ¶ 1.  He was sprayed with an allegedly excessive amount of chemical agent and not afforded a proper opportunity for decontamination.  *Id.* ¶ 2.

Plaintiff was placed in segregation for two days and, on February 16, 2021, transferred to Northern Correctional Institution ("Northern").  *Id.* ¶ 3.  Upon arrival at Northern, plaintiff told medical staff that he had blood coming out of his ear, that his ear was "crackling and popping," and that he was in pain.  *Id.* ¶ 4.

Dr. Wright examined plaintiff and treated him with ear drops and antibiotics, which did not alleviate his symptoms entirely.  *Id.* ¶ 5.  Dr. Wright also put plaintiff's name on a list to see a specialist for further diagnosis.  *Id.* ¶ 6.

In March 2021, Dr. Wright told plaintiff he would be seen by the specialist "in a month or two tops."  *Id.* ¶ 7.  Plaintiff was transferred back to MacDougall in May

2021. *Id.* He did not see a specialist either before or after his transfer back to MacDougall. *Id.*

On June 21, 2021, plaintiff was transferred to Garner Correctional Institution ("Garner"). *Id.* ¶ 8. He continued to write to the medical unit about his ear pain. *Id.*

On October 6, 2021, Dr. Valletta concluded that ear drops and Tylenol were ineffective and prescribed a medication for headaches. *Id.* ¶ 9. Plaintiff still has not been seen by a specialist. *Id.* ¶ 10. He is in constant pain and is losing his hearing. *Id.*

II. DISCUSSION

Plaintiff contends that all defendants were deliberately indifferent to his medical needs. Records available on the Department of Correction website show that plaintiff was sentenced on September 29, 2021.[1] Thus, he was a pretrial detainee while he was confined at MacDougall and Northern, but a sentenced inmate when Dr. Valletta treated him at Garner. Deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment while deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

A. <u>Drs. Wright and Doe</u>

Plaintiff alleges that Dr. Wright treated him at Northern and identifies Dr. Doe as working at MacDougall. While confined at both facilities, plaintiff was a pretrial detainee.

---

[1] Offender Information Search, CT.Gov, available at: http://www.ctinmateinfo.state.ct.us/ (last visited Oct. 26, 2021) (results available when searching using CT DOC Inmate Number: 430661).

3

To demonstrate the required constitutional deprivation to state a claim for deliberate indifference to serious medical needs, a pretrial detainee must show that his medical need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects the individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). If, however, the claim is for a delay in treatment, the court focuses on the effect of the delay, not the underlying injuries, when determining if there is a serious medical need. *See Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003).

Under the Fourteenth Amendment, the conduct of the defendant is

4

considered objectively. "[T]he pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Negligence is insufficient to satisfy this component. *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently). Distinguishing between negligent and reckless medical care is difficult when the court considers only the allegations in the complaint. *See King v. Falco*, No. 16 CV 6315(VB), 2018 WL 6510809, at *9 (S.D.N.Y. Dec. 11, 2018) (citations omitted). Courts frequently consider the "degree of risk associated with the negligent treatment," and have found reckless conduct where the plaintiff did not receive treatment for a documented injury. *Id.* (citing cases).

Plaintiff alleges that he suffered pain and bleeding from his ear after being sprayed with a chemical agent. Dr. Wright prescribed eardrops, pain medication, and referred plaintiff to a specialist. During the time he has been waiting to see the specialist, plaintiff continues to experience pain and has lost some of his hearing.

Determining whether an ear infection is a serious medical need is fact-specific, but courts generally have assumed that an ear infection accompanied by severe pain is a serious medical need. *See Therrien v. Husband*, No. 3:10-cv-217(VLB), 2011 WL 494771, at *3 (D. Conn. Feb. 7, 2011) (citing cases). The court assumes, for purposes of initial review, that plaintiff has a serious medical need.

Dr. Wright treated plaintiff and referred him to a specialist. Plaintiff alleges

that the treatment did not fully correct the problem but does not indicate whether he reported this to Dr. Wright. Indeed, he does not allege that he saw Dr. Wright after March 2021, when Dr. Wright told him he would see the specialist within a couple months. Although Dr. Wright appears not to have followed up to ensure that plaintiff was seen by the specialist, this action is, at most, negligence which is not cognizable under section 1983. Plaintiff has not alleged facts suggesting that Dr. Wright recklessly failed to act with reasonable care to mitigate the risk to plaintiff. The claim against Dr. Wright is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file an amended complaint against Dr. Wright if he can allege facts to show that Dr. Wright acted with reckless disregard of his medical need.

Plaintiff states only that Dr. Doe works at MacDougall. He does not allege that she treated him or was otherwise aware of his issues. Thus, he fails to allege facts showing that she was deliberately indifferent to his medical need. The claim against Dr. Doe also is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file an amended complaint including a claim against Dr. Doe if he can allege facts showing that she was aware of and disregarded his medical need.

B. Dr. Valletta

Dr. Valletta treated plaintiff at Garner on October 6, 2021, while he was a sentenced inmate. Plaintiff signed the complaint on October 12, 2021, six days after he saw Dr. Valletta.

The Prison Litigation Reform Act requires prisoners to exhaust

administrative remedies before filing a federal lawsuit relating to prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out ... (so that the agency addresses the issues on the merits) ... [and] demands compliance with agency deadlines and other critical procedural rules"). An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). Exhaustion of administrative remedies is an affirmative defense. However, the court may dismiss a complaint for failure to exhaust administrative remedies where the failure to exhaust appears on the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 214-25 (2007).

As plaintiff's claims concern medical care, his administrative remedy is a Health Services Review governed by Department of Correction Administrative

Directive 8.9,[2] which may be found at portal.ct.gov/DOC.  There are two types of Health Services Reviews.  Plaintiff's claim is of the second type, seeking review of a diagnosis or treatment, including a decision to provide no treatment.  *See id*. at 8.9(9).

Prior to filing an HSR, the inmate must seek an informal resolution of his claim by discussing the claim, face to face, with the appropriate staff member or by submitting a written report to a supervisor.  Staff shall respond to the inmate within fifteen days of the receipt of a written request.  *See id.* at 8.9(10).

An inmate filing the second type of HSR must designate the "Diagnosis/Treatment" box on the form and concisely explain the reason for his dissatisfaction.  *See id.* at 8.9(11).  Upon receipt of the form, the HSR Coordinator schedules an HSR Appointment with an appropriate medical professional as soon as possible.  If the medical professional determines that the treatment was appropriate, the exhaustion process is concluded.  *See id.* at 8.9(11)(A).

Plaintiff signed the complaint six days after he saw Dr. Valletta.  This is an insufficient time for him to have attempted informal resolution, filed the HSR, attended the HSR Appointment, and received the results.  The claim against Dr. Valletta is dismissed for failure to exhaust administrative remedies before commencing this action.

C. <u>Commissioner Quiros</u>

Plaintiff does not mention Commissioner Quiros in his statement of facts.  It

---

[2] The court may take judicial notice of the Administrative Directives available on the Department of Correction website.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Chirstman v. Skinner*, 468 F.2d 723, 726 (2d Cir. 1972).

appears he has named him for his supervisory position. To state a claim for supervisory liability, plaintiff must "plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachman*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Thus, plaintiff must show that Commissioner Quiros was personally aware of, and deliberately disregarded, facts showing a substantial risk to plaintiff's health. *See id.*

Plaintiff alleges no facts showing that Commissioner Quiros was even aware of plaintiff's medical issues. Thus, plaintiff cannot state a cognizable claim against him. The claim against Commissioner Quiros is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

The claim against Dr. Valletta is DISMISSED without prejudice for failure to exhaust administrative remedies before commencing this action. The claim against Commissioner Quiros is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement. The claims against Drs. Wright and Doe are DISMISSED without prejudice to filing an amended complaint to reassert the claims if plaintiff can correct the deficiencies identified in this order. Any amended complaint shall be filed within thirty-five days from the date of this order.

SO ORDERED.

Dated this 26th day of October 2021 at Hartford, Connecticut.

                                            /s/
                                    Vanessa L. Bryant
                                    United States District Judge